JS - 6
LINKS: 6, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7424 GAF (SHx) | Date | October 7, 2011 |
|---|---|---|---|
| Title | Bruce Ameil Williams v. The McGraw-Hill Companies Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      (In Chambers)`

### ORDER DISMISSING COMPLAINT WITH PREJUDICE, ON THE COURT'S OWN MOTION

### I.  INTRODUCTION AND BACKGROUND

Plaintiff Bruce Ameil Williams, and the claim for copyright infringement asserted in his Complaint of September 14, 2011, are well known to this Court.  (Docket No. 4, Compl.)  Williams registered a copyright in 1989 for the 45-word "Afrimerican text."[1]  (Compl. ¶ 12.)  On November 18, 2009, Williams discovered a passage, in a book on editing authored by Defendants Daryl Frazell and George Tuck and published by Defendant The McGraw-Hill Companies ("McGraw-Hill"), that Williams argues is an "unauthorized derivative infringing text" that has been sold to the public, causing "significant injury" to his rights.[2]  (Compl. ¶ 2.)  Williams asserts a claim for copyright infringement and seeks an injunction prohibiting

---

[1] Williams' text, copyright registration number Txu 399-322, is as follows: "Afrimerican (AF/RI/Me/RI/CAN) – Noun Definition; A member of a race of mankind, Born in the United States, Descended from African Immigrants, Classified and Characterized according [sic] physical features such as skin tone, (Lite Brown to Dark Brown), Hair Texture, and Body Skeletal build, (i.e. Nose, Lips, etc...)."  (Compl. ¶¶ 12, 14.)

[2] According to Williams, the book is entitled "PRINCIPLES OF EDITING', 'A Comprehensive Guide for Students and Journalist"; the text that allegedly infringes Williams' copyright reads as follows: "a three-person style committee in one of the authors' classes decided that the proper way to refer to people of African descent was to coin a term 'Afrimerican.'"  (Compl. ¶ 17.)

JS - 6
LINKS: 6, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7424 GAF (SHx) | Date | October 7, 2011 |
|---|---|---|---|
| Title | Bruce Ameil Williams v. The McGraw-Hill Companies Inc et al | | |

Defendants from the sale and use of their text and from collecting future royalties on the book; the impoundment and destruction of all materials relating to the book; damages in an amount not less than $150,000; and "Special Damages . . . pursuant to F.R.C.P. 9(g)" in the amount of $12,300,089.52. (Compl. ¶¶ 46-60.)

At this same time last year, Williams instituted a substantially similar action. On September 3, 2010, he filed a First Amended Complaint ("FAC") against these same Defendants, asserting the same claim for copyright infringement and alleging the same facts, making the same arguments, and seeking the same remedies. (No. 2:10-CV-06062 GAF (SHx), Docket No. 6, FAC.) On November 16, 2010 and January 20, 2011, this Court granted Defendant McGraw-Hill's and Defendants Frazell's and Tuck's respective motions to dismiss that complaint, with prejudice. Williams v. McGraw-Hill Inc., No. 2:10-CV-06062 GAF (SHx) (C.D. Cal. Nov. 16, 2010 and Jan. 20, 2011). This Court found that Williams was barred by the doctrine of issue preclusion from litigating his claim, because, in Williams v. Warner/Chappell Music, No. 2:07-CV-02683 SVW (CTx) (C.D. Cal. Sept. 26, 2007), an earlier court had determined that Williams did not own a legally valid copyright in the Afrimerican text. Williams, No. 2:10-CV-06062 (Nov. 16, 2010 and Jan. 20, 2011) at 3-4 (citing Williams, No. 2:07-CV-02683 at 5-9). The dispositions in Warner/Chappell Music and McGraw-Hill Inc. were affirmed by the Ninth Circuit. Williams v. Warner Chappell Music, No. 07-56567 (9th Cir. May 16, 2008); Williams v. McGraw-Hill Inc., No. 11-55178 (9th Cir. June 28, 2011).

**II. DISCUSSION**

**A. LEGAL STANDARD**

A district court possesses inherent powers to dismiss a case on its own motion, "subject to . . . the same considerations as those under the Federal Rules of Civil Procedure." Halaco Engineering Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988). Thus, in order to dismiss a case on its own motion, "a district court must determine (1) the existence of certain extraordinary circumstances, (2) the presence of willfulness, bad faith, or fault by the offending party, (3) the efficacy of lesser sanctions, (4) the relationship or nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case, and finally, as optional considerations where appropriate, (5) the prejudice to the party victim of the misconduct, and (6) the government interests at stake." Id.

As to the first factor, extraordinary circumstances are present, as a general matter, where a party engages in "abusive litigation practices," and where the "orderly administration of justice

JS - 6
LINKS: 6, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7424 GAF (SHx) | Date | October 7, 2011 |
|---|---|---|---|
| Title | Bruce Ameil Williams v. The McGraw-Hill Companies Inc et al | | |

and the integrity of the court's orders" are threatened. Id. In the preclusion context, specifically, courts have found the required special circumstances to be present "where the records of th[e] court show that a previous action covering the same subject matter and parties ha[s] been dismissed," Headwaters Inc. v. U.S. Forest Service, 399 F.3d 1047, 1054 (9th Cir. 2005) (internal quotation marks and citation omitted), and where the parties have had an opportunity to contest a finding of preclusion. Id. at 1055, 1055 n.1 (identifying decisions in which sua sponte dismissal on preclusion grounds has been affirmed, but warning that, "'[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar sua sponte, thereby eroding the principle of party presentation so basic to our system of adjudication'" (quoting Arizona v. California, 530 U.S. 392, 412 (2000)). The Supreme Court has stated that "[t]his result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but it is also based on the avoidance of unnecessary judicial waste." Arizona, 530 U.S. at 412 (internal quotation marks and citation omitted).

As for the third factor, the Ninth Circuit has said that the "consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives." Halaco Engineering, 843 F.2d at 381. The fourth and "most critical" factor—relationship—is satisfied when there is a "nexus between the party's actionable conduct and the merits of his case." Id.

**B. APPLICATION**

The Court is satisfied that the considerations supporting dismissal of Williams' Complaint on the Court's own motion are present, in abundance, in this case.

First, the required "special circumstances" are readily apparent. Arizona, 530 U.S. at 412. It is clear from the Court's records that a previous action covering the same subject matter and parties has been dismissed, Headwaters, 399 F.3d at 1054: Williams' instant claim for copyright protection is identical in substance to an earlier claim made by him before this Court—against the identical parties—in Williams v. McGraw, Inc. This claim itself was dismissed with prejudice on issue preclusion grounds, which dismissal was upheld on appeal. Importantly, Williams has had an opportunity to be heard on the question of issue preclusion: during Williams' prior litigation of this claim, the preclusion question was fully briefed by both sides. (See Case No. 10-CV-06062 GAF (SHx), Docket No. 17, Notice of Motion and Motion to Dismiss Case filed by Defendant McGraw; Docket No. 38, Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Case; Docket No. 43, Defendant McGraw's Reply in Support of Motion to Dismiss Case; Docket No. 51, Notice of Motion and Motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7424 GAF (SHx) | Date | October 7, 2011 |
|---|---|---|---|
| Title | Bruce Ameil Williams v. The McGraw-Hill Companies Inc et al | | |

Dismiss Case filed by Defendants Frazell and Tuck; Docket No. 63, Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss Case; Docket No. 71, Defendants Frazell's and Tuck's Reply in Support of Motion to Dismiss Case.) Under these circumstances, Williams re-submission of his claim and arguments in an attempt to force Defendants and the Court to address them a second time constitutes an abusive litigation practice, and undermines the "orderly administration of justice and the integrity of the court's orders," which orders have previously disposed of this cause of action. Halaco Engineering, 843 F.2d at 380.

Second, the Court is satisfied that it may attribute to Williams the necessary willfulness, bad faith, or fault in filing this action. Although Williams goes to greater lengths in his renewed Complaint to demonstrate the overlap between his 45-word text and the passage authored and published by Defendants (see, e.g., Compl. ¶ 20 and accompanying chart), his pleading is, in essence, a re-assertion of the identical position taken in McGraw-Hill, Inc. Williams insists that the copyright protection he seeks for the Afrimerican text somehow presents a different question than that decided in Warner Chappell Music. (Compl. ¶¶ 2, 15-16, 26, 28, 32); see Williams, No. 2:10-CV-06062 (Nov. 16, 2010 and Jan. 20, 2011) at 3-4. Williams' position is based on a fundamental misapprehension of the district court's judgment in Warner Chappell Music, which determined that he holds no legally valid copyright in his 45-word text, which consists only of "the term Afrimerican and its definition." Significantly worse, Williams adamantly refuses to accept this Court's decision, in McGraw-Hill, Inc., that he is precluded from re-litigating this issue, and that he is prohibited from continuing to argue against preclusion. Williams, No. 2:07-CV-02683 at 6; Williams, No. 2:10-CV-06062 (Nov. 16, 2010 and Jan. 20, 2011) at 3-4.

Third, the Court finds no possible and meaningful alternative to dismissal. Williams' instant Complaint presents the same claim, facts, and arguments as those asserted in McGraw-Hill, Inc. The Court thus can identify no way to preserve any claim or portion of the renewed Complaint. Fourth, the Court finds a clear nexus between Williams' actionable conduct—re-submission of an identical claim that hinges on, and argument regarding, a precluded issue—and the merits of his case, which cannot, under these circumstances, be decided in his favor. Finally, Defendants McGraw-Hill, Frazell, and Tuck would suffer obvious prejudice if put to the effort and expense of litigating an issue already determined to be precluded. The governmental interest in judicial economy would similarly be undermined, rather than served, by permitting Williams' claim to go forward.

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Williams' Complaint and accompanying motions.

JS - 6
**LINKS: 6, 18**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7424 GAF (SHx) | Date | October 7, 2011 |
|---|---|---|---|
| Title | Bruce Ameil Williams v. The McGraw-Hill Companies Inc et al | | |

### III. CONCLUSION

Upon examination of Williams' Complaint, the Court determines that it merely re-asserts a claim for copyright infringement found, in Williams v. McGraw-Hill, Inc., No. 2:10-CV-06062 GAF (SHx) (C.D. Cal. Nov. 16, 2010 and Jan. 20, 2011), to be barred by the doctrine of issue preclusion, based on Williams v. Warner/Chappell Music, No. 2:07-CV-02683 SVW (CTx) (C.D. Cal. Sept. 26, 2007), and that was therefore dismissed with prejudice. The Court therefore **DISMISSES WITH PREJUDICE** Williams' instant Complaint and accompanying motions.